UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATLINK, INC., a California Corporation, and CRAIG FREEMAN, an individual<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; LOWE'S H I W, INC., a North Carolina Corporation,<br><br>　　　　　　　　　　　　　Defendants.<br>_____<br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv1994 DMS(BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY FOR INDEFINITENESS**<br><br>**[Docket No. 73]** |

Defendants' motion for summary judgment of invalidity for indefiniteness and lack of written description came on for hearing on September 8, 2008. Richard Wirtz appeared and argued the motion for Plaintiffs. David Bahler appeared and argued the motion for Defendant Home Depot U.S.A., Inc. ("Home Depot"), and Gail Standish appeared and argued the motion for Defendant Lowe's HIW, Inc. ("Lowe's"). After a thorough review of the parties briefs and hearing oral argument, the Court grants the motion.

/ / /

/ / /

/ / /

# I.

# PROCEDURAL BACKGROUND

Plaintiff Matlink, Inc. ("Matlink") filed the present case against Defendants Home Depot and Lowe's on October 15, 2007. The original complaint alleged claims for infringement of United States Patents Numbers 6,134,557 ("the '557 Patent") and 6,950,826 ("the '826 Patent"). Pursuant to a joint motion by the parties, Matlink filed a First Amended Complaint on November 28, 2007, which named Craig Freeman ("Freeman") as an additional Plaintiff, and substituted the correct corporate entities as Defendants. Defendants each filed an Answer and Counterclaim on December 7, 2007. Plaintiffs filed their Answer to the Counterclaim on January 14, 2008.

On May 2, 2008, Plaintiffs filed a motion for leave to file a Second Amended Complaint that omitted their claims for infringement of the '557 Patent. Defendants filed a qualified opposition to the motion asking that the claims related to the '557 Patent either be dismissed with prejudice or that they be awarded attorneys fees and costs related to their defense of those claims. The Court granted Plaintiffs' motion subject to dismissal of the claims with prejudice. Plaintiffs thereafter dismissed the claims with prejudice, and filed a Second Amended Complaint on the '826 Patent only.

Defendant Home Depot filed the present motion on July 23, 2008, so that the hearing on the motion Could be held in conjunction with the Markman hearing. Lowe's filed a notice of joinder in the motion on July 25, 2008. Plaintiffs filed their opposition to the motion on August 25, 2008, and Defendants filed their respective reply briefs on August 29, 2008.

# II.

# FACTUAL BACKGROUND

The '826 Patent issued on September 27, 2005, after prosecution of United States Patent Application Number 09/545,991, which was filed on April 10, 2000. (Decl. of Gilbert A. Greene in Supp. of Mot. ("Greene Decl."), Ex. A at 1.) The '826 Patent is a continuation of the '557 Patent. (*Id.*) Plaintiff Freeman is the named inventor of both Patents.

Generally, the '826 Patent describes a method for ordering construction supplies over the internet. There are forty-nine claims in the '826 Patent, twenty of which are asserted in this case. Specifically, Plaintiffs contend Defendants infringe Claims 1, 9, 11, 14, 15, 23, 24, 25, 28, 30, 31, 32,

34, 35, 36, 37, 40, 41, 44, and 47. Claims 1, 15, 28, 30, 36, 40, 44 and 47 are independent claims. The remaining asserted claims depend from these independent claims. Claim 1 provides:

> A contractor/customer ordering computer program product, tangibly embodied on a machine-readable medium, comprising instructions operable to:
>
> initiate a contractor/customer ordering computer program;
>
> receive contractor/customer identification information entered by a contractor/customer in response to a display initiated by the ordering program;
>
> display a menu from which the contractor/customer selects a classification of construction materials or products, the classification associated with a construction phase;
>
> cause the contractor/customer to select a set of construction materials or products within the classification;
>
> display a set of specific material or product names corresponding to the selected set of construction materials or products, the set of specific material or product names being dependent on an identified *regional supplier* such that the set includes only names of specific materials or products that are offered by the identified supplier;
>
> in response to the contractor/customer selecting one or more of the displayed specific material or product names and a specific quantity desired for each selected specific material or product name, record the specific material or product name and a quantity for each specific material or product name selected;
>
> generate a list displaying the specific material or product name and the quantity for each specific material or product name selected; enable the contractor/customer to access at least one of a SKU number, a UPC, a bar code, or a material or product number for each individual material or product name selected; and
>
> cause data corresponding to the list and data pertaining to contractor/customer identification information entered into the ordering program to be submitted to the identified *regional supplier*.

(*Id.* at 12) (emphasis added).

## III.

## DISCUSSION

Notable from the claim language set out above is the term, "regional supplier." This term is found in each of the asserted independent claims, to wit: claims 1, 15, 28, 30, 36, 40, 44 and 47. Defendants contend the term "regional supplier" is indefinite and lacks written description. This is the basis for the present motion.

**A.     Summary Judgment**

"Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  To meet this burden, the moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that summary judgment is not appropriate.  *Id.* at 324.  The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  *See also IPXL*, 430 F.3d at 1380 (quoting *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998)) (stating "'evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent.'") However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations.  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  Instead, it must designate specific facts showing there is a genuine issue for trial.  *Id.*  More than a "metaphysical doubt" is required to establish a genuine issue of material fact."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.     Indefiniteness**

Title 35 United States Code § 112 provides the basis for the definiteness requirement of United States patents.  The second paragraph of this statute states: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112, ¶ 2.  The purpose of this requirement is "to inform the public of the bounds of the protected invention, *i.e.*, what subject matter is covered by the exclusive rights of the patent."  *Halliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir.

2008). Absent this information, "competitors cannot avoid infringement, defeating the public notice function of patent claims." *Id.* (citing *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1581 (Fed. Cir. 1996)). "The definiteness requirement, however, does not compel absolute clarity. Only claims 'not amenable to construction' or insolubly ambiguous' are indefinite." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005).

"'A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims.'" *Id.* (quoting *Personalized Media Communications, L.L.C. v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998)). In accordance with this duty, general principles of claim construction apply. *Id.* at 1348. These principles require the court to consider: (1) the ordinary meaning of the disputed claim term, (2) the intrinsic evidence, and (3) the extrinsic evidence. *Id.* As with other challenges to patent validity, indefiniteness must be shown by clear and convincing evidence. *Id.*

As stated above, the term at issue here is "regional supplier." Defendants argue the ordinary meaning of this term is purely subjective, which leads to a finding that the term is indefinite. Plaintiffs dispute this argument. Specifically, they assert the term has an objective meaning because it appears explicitly on Lowe's website and implicitly on Home Depot's website.

To support their argument that the ordinary meaning of "regional supplier" is subjective, Defendants cite to Webster's Third New International Dictionary, which defines "regional" as "of or relating esp. to a geographical region," and defines "region" as "an indefinite area of land (as a country, province, district, or tract)[.]" (Greene Decl., Ex. D at 1.) These definitions are direct evidence that the ordinary meaning of "regional" is subjective, as Defendants assert.

Plaintiffs attempt to dispute this argument by pointing to Defendants' websites. Lowe's website uses the term "regional supplier," and Home Depot's website uses the phrase "localized to match your area's specific market needs." Neither of these websites, however, demonstrates that the term "regional supplier" has an objective meaning. Home Depot's website does not even use the term, and Lowe's website does not define it in any way. Accordingly, these websites do not refute Defendants' argument that the ordinary meaning of "regional supplier" is subjective.

/ / /

1  With this ordinary meaning in mind, the Court must now consider the intrinsic evidence, specifically, the claims, the written description and the prosecution history. None of the asserted claims provides any insight into the meaning of "regional supplier." Unasserted claims 6, 13, 20 and 27 state that the "regional supplier" must be "part of" or "associated with" a "national chain." However, being part of or associated with a national chain does not explain what is meant by a "regional supplier." Indeed, as Defendants point out, the concept of a "national chain" raises even more questions. For instance, is a national chain one that has locations in every state, or more than one state? Aside from these questions, the dependent nature of these claims sheds little, if any, light on the scope of the term "regional supplier" in the independent claims.

Lacking guidance from the claim language, the next step is to consider the written description. The term "regional supplier" does not appear in the written description. The word "regional" appears, (*see* Greene Decl., Ex. A at 11), but in the context of a "regional vendor warehouse." (*See id.*) Plaintiffs argue the terms "regional supplier" and "regional vendor warehouse" are equivalent, but that equivalence does not explain what is meant by the term "regional." Therefore, the written description does not assist in determining the meaning of the term "regional supplier."

The final piece of intrinsic evidence is the prosecution history. Plaintiffs do not appear to rely on the prosecution history to support their proposed definition of "regional supplier." Nevertheless, Defendants argue it does not provide guidance on the meaning of the term. They assert that Plaintiffs made the same arguments for the term "supplier" and "regional supplier," and like the claim language, the prosecution history simply adds another layer of subjectivity rather than providing an objective meaning.

Plaintiffs first discussed the term "regional" in a reply to a rejection of their proposed claims. (*See* Greene Decl., Ex. C at 142-43.) In that first mention, the claims did not include the term "regional supplier," but instead claimed merely a "supplier." A note of the applicant's personal interview with the Examiner reflects Plaintiffs' argument that the claims were novel because they included, among other things, "designating regionality of specified national chain where supplies and materials are to be ordered." (*Id.* at 175.) The amendment of the claims to include the term "regional supplier" came after another rejection by the Examiner. (*See id.* at 198.) Plaintiffs argued the

1  inclusion of this language distinguished their invention from the prior art, (*see id.* at 210), but there
2  is still no explanation of the meaning of the term "regional supplier." Thus, the prosecution history
3  does not provide any insight into the meaning of the term.
4       Lacking a definition in the intrinsic evidence, the Court must turn to the extrinsic evidence.
5  The extrinsic evidence in this case consists of expert testimony. Plaintiffs' and Defendants'
6  interpretation of the expert testimony is widely divergent, with Plaintiffs arguing the testimony is
7  consistent and provides a concrete definition, and Defendants arguing that the testimony is
8  inconsistent, which further reflects the subjective nature of the term.
9       Plaintiffs presented two experts on claim construction in this case: Ted Bumgardner and
10 Plaintiff Craig Freeman. Mr. Bumgardner testified that, based on his experience in the construction
11 industry, the term "regional supplier" means a supplier whose goods are "based upon regional
12 availability, practices and customs." (Greene Decl., Ex. H at 5.) Although this definition explains
13 something about the "supplier," it does not explain what is meant by the term "regional." Mr.
14 Freeman, on the other hand, testified that what makes a supplier "regional" is their geographic
15 location. This understanding, however, does not explain how those geographic regions would be
16 defined. Home Depot's expert, Dr. John Borcherding, opines that the term "regional supplier" does
17 not have an objective meaning to one of ordinary skill in the art. Finally, Lowe's expert was not
18 proffered as an expert on the term "regional supplier." Therefore, to the extent he provided an opinion
19 on the meaning of that term, it is irrelevant.
20      Contrary to Plaintiffs' argument, this extrinsic evidence does not reveal an objective definition
21 for the term "regional supplier." Rather, as Defendants suggest, it reflects the subjective nature of the
22 term. One expert states a "regional supplier" is one who provides goods from a specific region;
23 another states a "regional supplier" is one that is located within a specific geographic region. Notably,
24 however, neither of these proposed constructions provides any guidance on how those "regions"
25 would be defined. Would they be defined by the boundaries of a city? county? state? coast? inland?
26 mountain? desert? There is simply nothing in the intrinsic or extrinsic evidence that resolves this
27 question.
28 / / /

As Defendants point out, this case is very similar to the *Datamize* case. That case involved the term "aesthetically pleasing," which the district court found to be indefinite, a finding the Federal Circuit upheld. There, the courts evaluated the intrinsic and extrinsic evidence, and concluded the term "aesthetically pleasing" was not susceptible to "any reasonable meaning." 417 F.3d at 1355. Based on this Court's review of the evidence in this case, the same finding is in order, *i.e.*, the term "regional supplier," as it is used in every independent claim of the '826 Patent, "fails to 'particularly point[ ] out and distinctly claim [ ] the subject matter which the patentee regards as his invention.'" *Id.* at 1356. Accordingly, Defendants are entitled to summary judgment of invalidity of all asserted claims of the '826 Patent.

### IV.

### CONCLUSION

For the reasons set out above, the independent claims and the asserted claims that depend therefrom, are indefinite and invalid. Therefore, the Court grants Defendants' motion for summary judgment of invalidity based on indefiniteness.[1] The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: September 18, 2008

                                                  HON. DANA M. SABRAW
                                                  United States District Judge

---

[1] In light of this finding, the Court does not reach Defendants' alternative argument that the patent is invalid for lack of written description. The Court also need not construe the claims at issue as this motion is dispositive.